UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIERICHS JIRON ALVARADO
(A-Number: A-246-395-887),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
DETENTION CENTER,

Respondent.

No.  1:26-cv-02473-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND REQUIRING
BOND HEARING WITHIN SEVEN DAYS

Doc. 1

Petitioner Dierichs Jiron Alvarado is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g., Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court set a briefing schedule on the petition and ordered respondent to show cause as

1

to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 10. Respondent states that this case is distinguishable because petitioner's encounter with law enforcement led to petitioner's re-detention by immigration authorities. Doc. 11 at 1. Respondent argues that petitioner's arrest for driving without a license and without valid vehicle tags, which "[w]hile not the most serious criminal charges," provided a changed circumstance that supported his re-detention. *Id.* at 2. But respondent has not alleged that petitioner has been found guilty of any offense. *Cf. Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit."). While the circumstances of petitioner's arrest for traffic violations might be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's due process right to a such determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). While respondent opposes the petition, he does not raise any new arguments. *See id.* at 1–3.

As respondent has not made any new legal arguments and has not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[1]

Respondent is ORDERED to provide petitioner Dierichs Jiron Alvarado (A-Number: A-246-395-887) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it

---

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2

is the government's burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondent does not provide petitioner with a bond hearing within seven days, then respondent must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    April 15, 2026

_____
UNITED STATES DISTRICT JUDGE

3